UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ULRICH TIBAUT HOUZANME | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No 1:16-cv-821-WTL-MPB |
| | ) | |
| HON. LORETTA H. RUSH, Chief | ) | |
| Justice of the Indiana Supreme Court, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Dismiss of State Defendants, Dismissing Action
as to Defendant Sally Jo Houzanme and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendants' motion to dismiss is granted and the claim against the sole defendant who has not filed a motion to dismiss is also dismissed.

**I. Parties**

Ulrich Tibaut Houzanme ("Ulrich") and Sally Jo Houzanme ("Sally Jo") were formerly husband and wife. They are the parents of one child, their marriage was dissolved in 2007, and they have battled in court over child custody, child support, and related issues.

Ulrich is the plaintiff in this action. Sally Jo is one of several defendants. The other defendants (sometimes referred to hereafter as "the State defendants") are (1) Indiana Supreme Court Chief Justice Loretta H. Rush, (2) Judge Michael Barnes of the Indiana Court of Appeals, (3) the Indiana Supreme Court, and (4) the Indiana Court of Appeals. The two defendant judges are sometimes referred to as "the judicial defendants" and the other defendants are sometimes referred to as "the court defendants."

1

## II. Claims and Procedural Posture

Ulrich was the appellant in an action in the Indiana Court of Appeals docketed as No. 49A04-1505-DR-434 (referred to hereafter as "the appeal"). Stated generally, the issue presented in the appeal was whether the lower court had erred in denying his motion to modify child custody and support. Ulrich's specific argument was that the Magistrate of the lower court did not have jurisdiction to decide the petition for modification. The appeal resulted in the decision of the lower court being affirmed. *Houzanme v. Houzanme*, 41 N.E.3d 305 (Ind. Ct. App. 2015)(Table), *transfer denied,* 46 N.E.3d 445 (Ind. 2016). Judge Barnes was a member of the panel of the Indiana Court of Appeals which decided the appeal. Chief Justice Rush serves on the Indiana Supreme Court, which denied Ulrich's petition to transfer.

Ulrich alleges in this action that his civil rights were violated on August 26, 2015, on October 8, 2015, and on October 14, 2015 because he was not served with the Court of Appeals' orders and decision. He contends that he was thereby "denied a fair trial." This is the claim against the State defendants. His claim against Sally Jo is that on August 19, 2015, she failed to serve him with a copy of her appellee's brief. He seeks compensatory damages for injury to his finances, reputation, time, etc., and also seeks repair to his credit history, a public apology, and reformation of the court's practices.

The State defendants have filed a motion to dismiss based on their argument that the complaint fails to state a claim upon which relief can be granted. Ulrich has filed a memorandum in opposition to that motion to dismiss. In addition to the formal motion to dismiss filed by the State defendants, the Court has directed Ulrich to identify a viable claim against Sally Jo.

### III. The Motion to Dismiss

#### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Some aspects of the State defendants' arguments touch on the Court's jurisdiction, but it is of no consequence that they have brought their motion pursuant to rule 12(b)(6) of the *Federal Rules of Civil Procedure* rather than as an explicit jurisdictional challenge in combination with Rule 12(b)(1). *See Snyder v. Smith,* 736 F.2d 409, 419 (7th Cir. 1984) (overlooking erroneous labeling of motion to dismiss), *cert. denied,* 469 U.S. 1037 (1984), *overruled on other grounds by Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).

When considering a Rule 12(b)(6) motion to dismiss, the Court must decide whether the complaint satisfies the "notice pleading" standard. *Indep. Trust Corp. v. Stewart Info. Serv's Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). "To avoid dismissal, the complaint must 'state a claim to relief that is plausible on its face.'" *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.* 623 F.3d 1143, 1146 (7th Cir. 2010). In applying the foregoing standard, however, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. *Virnich v. Vorwald,* 664 F.3d 206, 212 (7th Cir. 2011)(citing *Iqbal,* 566 U.S. at 681).

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 667.

Plausibility is defeated, however, if a plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008). This occurs when "a party . . . plead[s] itself out of court by pleading facts that establish an impenetrable defense to its claims." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Along with the foregoing, pro se complaints such as that filed in this case are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the Court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so. Despite this liberal construction, the Court "will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact." *County*

*of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

### B. Discussion

Ulrich's federal claim is asserted pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). He also asserts a claim based on the Indiana Constitution.

*Federal Claim.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Jurisdiction for such a claim is conferred by 28 U.S.C. § 1331.

The court defendants are an arm of the State of Indiana. *Crenshaw v. Indiana Supreme Court,* 170 F.3d 725, 727 (7th Cir. 1999); *Kelly v. Municipal Courts of Marion County,* 97 F.3d 902, 907-08 (7th Cir. 1996). In that role, the state courts are not "persons" subject to suit under § 1983, *Mumford v. Zieba,* 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh,* 864 F.2d 416, 418 (6th Cir. 1988)), and also are immune from suit under the Eleventh Amendment. *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir.), *cert. denied,* 118 S. Ct. 298 (1997).

Likewise, the judicial defendants in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983 and are entitled to Eleventh Amendment immunity. *Woods v. City of Michigan City,* 940 F.2d 275, 279 (7th Cir. 1991).

Insofar as they are sued in their individual capacities, the judicial defendants are protected from suit and from any liability by the doctrine of judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). Judicial immunity applies to actions of judges performed in their judicial capacity. *See Dawson v. Newman,* 419 F.3d 656, 661 (7th Cir. 2005); *Dellenbach v. Letsinger,* 889

F.2d 755, 759–60 (7th Cir. 1989). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362 (1978). It is indisputable that Ulrich has sued the judicial defendants because of decisions—judicial rulings—made in the course of the appeal. "[I]mmunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." *Sellenback v. Letsinger,* 889 F.2d 755, 757–58 (7th Cir. 1989). In these circumstances, Ulrich's "claim for damages is self-defeating." *Koorsen v. Dolehanty,* 401 F. App'x 119, 120 (7th Cir. 2010). The same is true of his claim for injunctive relief because, "[w]ith exceptions not applicable here, a federal court may not grant injunctive relief in a suit brought against a judge for acts taken in [their] judicial capacity. *See* Federal Courts Improvement Act of 1996, Pub.L. 104–317, § 309(c), 110 Stat. 3847, 3853 (amending 42 U.S.C. § 1983)." *Id.* Under these circumstances, dismissal of the action with prejudice as to the judicial defendants is required. *Id.*

As to the relief Ulrich seeks in the form of "relitigation or transfer," this Court is without jurisdiction to consider a further appeal of the decisions of the Indiana state courts, even if they were flawed in some sense. *See Ervin v. Ervin,* 571 F. App'x 464, 466 (7th Cir. 2014)("Raymond is now inviting "review and rejection" of the Illinois judgment. That is precisely what *Rooker–Feldman* holds is outside the jurisdiction of the district courts."); *Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012) ("[N]o matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it.") (citation omitted). Under the *Rooker–Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction of final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006).

The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 464 (internal quotation omitted).

Ulrich may not "circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [his] complaint in the form of a federal civil rights action." *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 997 (7th Cir. 2000) (internal quotation marks omitted). The pivotal question is whether the injury alleged by the federal plaintiff resulted from the state-court judgment itself or is distinct from that judgment. *Parrillo v. Reilly*, 59 F. App'x 129, 132 (7th Cir. 2003)(citing *Rizzo v. Sheahan,* 266 F.3d 705, 713 (7th Cir. 2001). "A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted).

The appeal was concluded before this case was filed. This Court could not consider the issues in the appeal in the face of the domestic-relations doctrine as an exception to federal court jurisdiction and in light of the preclusive effect of the state-court judgment. *Ervin v. Ervin*, 571 F. App'x 464, 466 (7th Cir. 2014).

The foregoing shows that there is no viable federal claim against the State defendants.

*State Law Claim.* Ulrich asserts a claim based directly on the Indiana Constitution, but no such claim has been recognized in Indiana. *Cantrell v. Morris,* 849 N.E.2d 488 (Ind. 2006) (holding that the Indiana Constitution does not create a private right of action for damages when an existing tort law amply protects the right guaranteed by the Indiana Constitution); *Smith v. Indiana Dept. of Correction*, 871 N.E. 2d 975, 985-86 (Ind.Ct.App. 2007).

### IV. Claim against Sally Jo

As noted, Ulrich's claim against Sally Jo is that in the course of briefing the appeal Sally Jo failed to serve him with a copy of her Appellee's Brief. This contention was presented in the course of the appeal, garnering this response from the Indiana Court of Appeals:

> In his reply brief, Ulrich argues that we should not consider the Appellee's Brief because it was untimely. However, Sally filed a motion to file the belated brief, which this court granted. Ulrich also argues that Sally failed to serve him with her Appellee's Brief and that this court failed to serve him with its order granting Sally's request to file a belated brief. However, Sally's brief includes a certificate of service indicating that she served Ulrich with her brief. Ulrich does not dispute that he obtained Sally's Appellee's Brief and filed a timely Reply Brief or that he suffered any prejudice. Consequently, we will consider Sally's arguments.

*Houzanme v. Houzanme,* 41 N.E.3d 305, *1 n.3 (Ind. Ct. App. 2015), *transfer denied,* 46 N.E.3d 445 (Ind. 2016).

A suit under § 1983 requires state action, *see American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999), which is absent here as to the claim against Sally Jo. It is absent because "[u]se of the courts by private parties does not constitute an act under color of state law." *Harvey v. Harvey,* 949 F.2d 1127, 1133–34 (11th Cir. 1992); *see also Rosen v. County of Suffolk,* 53 F. App'x 578, 580 (2d Cir. 2002). Ulrich suggests that Sally Jo became a state actor as "a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980). What is important in such an inquiry is whether the state or its agent is aware of the participation of the private individual and "effectively directs, controls, or encourages the actions of a private party." *Wade v. Byles,* 83 F.3d 902, 905 (7th Cir. 1996). Here, however, there is no plausible allegation of such activity. Action under color of state law is an essential element of any claim under 42 U.S.C. § 1983. An essential element of a section 1983 claim is state action. *See United States v. Price,* 383 U.S. 787, 794 n.7 (1966). Ulrich offers no theory of state action associated with Sally Jo's action in the appeal. No viable claim is asserted against Sally Jo in this action.

## V. Conclusion

The State defendants' motion to dismiss [dkt 6] is **granted.**  The claim against Sally Jo is

**dismissed.** These rulings resolve all claims against all parties.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.


Date:  3/28/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Distribution:

SALLY JO  HOUZANME
1820 Fulton Street
Tell City, IN 47586

ULRICH TIBAUT HOUZANME
5823 Outer Bank Rd.
Indianapolis, IN 46239

Jennifer Elizabeth Lemmon
INDIANA ATTORNEY GENERAL
jennifer.lemmon@atg.in.gov

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov